-PS-O-

J.S. DISTRICT COURT
W.D.N.Y. BUFFALO

2006 OCT -5  AM 8:00

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FRANCISCO FERNANDEZ, 98R6121,

    Plaintiff,

    -v-

06-CV-0506E(Sr)
ORDER

J. CALLENS, Correction Officer; C. CZARNECKI,
Correction Officer; S LAMBERT, Correction Sergeant;
T. SCHOELLKOPF, Hearing Officer; Doctor LEVITT;
Nurse ROBERT STACHOWSKY; and DONALD
SELSKY, Director, Special Housing Units/Inmate
Discipline; Sued in their individual and official
capacities;

    Defendants.

---

## INTRODUCTION

Plaintiff, Francisco Fernandez, an inmate of the Clinton Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No.). Plaintiff claims that the defendants, Correction Officer J. Callens, Correction Officer C. Czarnecki, Correction Sergeant S. Lambert, Hearing Officer T. Schoellkopf, Doctor Levitt, Nurse Robert Stachowsky, and Donald Selsky, Director, Special Housing Units/Inmate Discipline, violated his rights when he was assaulted in retaliation for asking for recreation and his property, and to cover-up the excessive force, he was charge with a false report and denied due process at the subsequent hearing. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, several of his claims are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and unless

plaintiff files an amended complaint as directed below, some of the remaining claims will be dismissed with prejudice pursuant to §§ 1915(e)(2)(B) and 1915A. several of plaintiff's claims are hereby dismissed, some of the claims are sufficient as pled, and others must be dismissed under 28 U.S.C. § 1915(e)(2)(B) unless plaintiff files an amended complaint as directed below.

## DISCUSSION

Plaintiff's claim that he was denied due process at his disciplinary hearing is subject to dismissal with prejudice. It is well settled that when a litigant makes a constitutional challenge to a determination which affects the overall length of his imprisonment, the "sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). *See also Heck v. Humphrey*, 512 U.S. 477(1994) (an inmate's claim for damages resulting from due process violations during his criminal trial was not cognizable under § 1983 until the conviction or sentence was invalidated on direct appeal or by a habeas corpus petition). The United States Supreme Court held in *Edwards v. Balisok*, 520 U.S. 641 (1997), that an inmate's suit for damages pursuant to 42 U.S.C. § 1983 arising out of alleged procedural due process violations during a prison disciplinary hearing which led to a revocation of the inmate's accrued good-time credits was barred by the holding in *Heck*. In so doing, the Court explained that even though the plaintiff did not seek the restoration of his good-time credits, "a ruling in his favor on his procedural claims would necessarily vitiate the administrative decision revoking his good-time credits." *Jenkins v. Haubert*, 179 F.3d 19, 25 (2d Cir. 1999).

Here, the disciplinary hearing determination, which was partially overturned in an Article 78 Proceeding in State Court, recommended that plaintiff lose one year of good time credits. Because plaintiff has not stated in what specific manner the sentence from the disciplinary hearing was overturned, the Court cannot determine if the remaining sentence still affects his good time credits. If so, a decision concerning this issue would have the effect of calling into question plaintiff's disciplinary hearing determination, and would thus necessarily affect the hearing officer's decision to recommend the loss of good-time credits. Under those circumstances, the only means by which plaintiff could raise this claim would be by direct appeal of the disciplinary hearing determination itself or through a habeas proceeding.

However, the Court will permit plaintiff to file an amended complaint in which the necessary allegations regarding this issue are included. *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires"). Plaintiff needs to make clear if the portion of the sentence that recommended that he lose good time credits was overturned. If the good time recommendation was only partly overturned and his sentence still includes some recommended loss of good time, he must make that clear.

In addition, plaintiff indicates that he intends to sue the defendants in their individual and official capacities. The Eleventh Amendment bars federal courts from exercising subject matter jurisdiction over claims against states absent their consent to such suit or an express statutory waiver of immunity. *See Pennhurst State School & Hospital v.*

3

*Halderman,* 465 U.S. 89, 98-100, 104 S. Ct. 900, 79 L. Ed.2d 67 (1984). It is well-settled that states are not "persons" under § 1983, and thus Eleventh Amendment immunity is not abrogated by that statute. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 65-66, 109 S. Ct. 2304, 105 L. Ed.2d 45 (1989). The Eleventh Amendment bar extends to agencies and officials sued in their official capacities. *Kentucky v. Graham,* 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed.2d 114 (1985). Plaintiff may therefore sue the defendants in their official capacity only if they consent to be sued. *Pennhurst,* 465 U.S. 89 at 199-201, 104 S. Ct. 900, 79 L. Ed.2d 67. Since none have consented, the Eleventh Amendment bars the plaintiff's suit against the defendants in their official capacity, to the extent that such claims have been made. The claims against the defendants in their official capacities are dismissed.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his request to proceed *in forma pauperis* is granted. For the reasons set forth above, plaintiff's claims against the defendants in their official capacities are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e). In addition, plaintiff's due process claims must be dismissed pursuant to 28 U.S.C. § 1915(e) unless plaintiff files an amended complaint by **November 2, 2006** in which he sufficiently pleads the due process claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to *completely replace* the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect."

*International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom., Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014, 98 S. Ct. 730, 54 L. Ed.2d 758 (1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the claims regarding due process will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e) and service will be made of only the remaining claims.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff's official capacity claims against defenantsare dismissed with prejudice;"

FURTHER, that plaintiff is granted leave to file an amended complaint regarding *only* his due process claims as directed above[1] by **November 2, 2006**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

---

[1] Plaintiff is reminded that he must also include in this amended complaint his claims that survive from the original complaint. Because the amended complaint will become the sole complaint in the action, it is the only complaint which will be served on the parties. Failure to include these claims in it means that they will not be preserved for service on the defendants.

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **November 2, 2006**, the claims regarding due process will be dismissed with prejudice without further order of the Court;" and

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **November 2, 2006**, the Clerk of the Court is directed to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order regarding the remaining claims upon defendants, without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor; and

FURTHER, that, pursuant to 42 U.S.C. § 1997e(g), the defendants are directed to answer the complaint.

SO ORDERED.

DATED: 10/4, 2006
Buffalo, New York

_____
JOHN T. CURTIN
United States District Judge