FILED

2007 NOV 15 AM 11:03

U.S. DISTRICT COURT
W.D.N.Y. - BUFFALO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

-PS-O-

---

FRANCISCO FERNANDEZ,

    Petitioner,

-v-                                         06-CV-0506S(Sr)

CORRECTIONS OFFICER J. CALLENS, et al.,     **ORDER**

    Defendants.

---

On December 20, 2006, the Court entered an order granting plaintiff's application to proceed as a poor person and directing the Clerk of the Court to serve the summons and amended complaint on the defendants. (Docket No. 7). According to the amended complaint all the defendants, at the time of the events in question, except Selsky, were employees of the New York State Department of Correctional Services ("DOCS") employed at or assigned to the Wende Correctional Facility. Selsky is the long-time DOCS's Director of Special Housing and Discipline.

Summonses were issued on February 6, 2007, and on that same date the U.S. Marshals Service mailed, pursuant to N.Y. Civ.Proc.L., § 312-a, the summonses, copies of the amended complaint and Marshal Forms to the defendants at the addresses provided by plaintiff on the Marshal Forms. (Docket No. 9). For reasons unknown to the Court none of the Marshal Forms nor the amended complaint were responded to. All the Marshal Forms were filed by the Marshals Service on September 18, 2007, with a

notation that the Marshal Forms were "never responded to" or "answered." (*Id.*). A review of the Marshal Forms indicate that they were properly filled out by plaintiff with the Wende Correctional Facility listed as the address for service for all the defendants except Selsky whose address was properly noted as DOCS' main offices in Albany, New York.

Once an inmate/plaintiff is granted permission to proceed *in forma pauperis* the burden of effecting service on the defendant shifts from the incarcerated plaintiff to the Court. See *Romeandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir. 1996) ("The interests of justice, informed by a liberal interpretation of Rule 4, are best serve by allowing [incarcerated litigants] to rely on the personal service, albeit untimely, ultimately effected by the Marshal's Service). If an inmate/plaintiff has provided the Marshals Service with the information necessary to serve his complaint, "he is absolved of further responsibility for service." *Rivera v. Pataki*, No. 04 Civ. 1286 (MBM), 2005 WL 407710, at *15 (Feb. 7, 2005).

Accordingly, this Court finds that there is "good cause" to extend the time in which plaintiff may serve the summons and complaint upon the defendants an additional 120 days, *see Rivera*, 2005 U.S. Dist. LEXIS 2747, at ** 55-56, n. 28 (numerous Circuit Courts have found that "as long as the inmate provides the information necessary to identify the defendant, the Marshal's

failure to effect service ... constitutes good cause to extend the time for service under" Fed.R.Civ.P. 4(m)) (citations omitted), and the Clerk of the Court is directed to re-issue the summonses and cause the United States Marshal to re-serve the summons and amended complaint on the defendants.

The Court also directs that upon service of the summons and amended complaint, counsel for the defendants shall file, along with their answers or responses to the amended complaint, an affidavit that shows cause why the defendants should not be taxed the costs of re-service by the U.S. Marshals Service. Because the Court anticipates that the defendants will be represented by the New York State Attorney General's Office, Buffalo Region Office, the Clerk of the Court shall forward a copy of the amended complaint and this order to the Assistant Attorney General in Charge, Statler Towers, 107 Delaware Avenue, Buffalo, New York 14202-3473

Pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint.

**SO ORDERED.**

s/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:    November 14, 2007
          Rochester, New York

3