**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**FRANCISCO FERNANDEZ, 98-R-6121,**

                      **Plaintiff,**                    06-CV-0506(S)Sr

v.

**CORRECTION OFFICER J. CALLENS, et al.,**

                      **Defendants.**

---

**DECISION AND ORDER**

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment.  Dkt. #21.

Currently before the Court are plaintiff's motions for appointment of counsel pursuant to 28 U.S.C. § 1915(e).  Dkt. ##10 & 19.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants.  See, e.g., Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988).  Assignment of counsel in this matter is clearly within the judge's discretion.  In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1984).  The factors to be considered in deciding whether or not to assign counsel include the following:

    1. Whether the indigent's claims seem likely to be of substance;

    2. Whether the indigent is able to investigate the crucial facts concerning his claim;

    3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

    4. Whether the legal issues involved are complex; and

    5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

    The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

    The Court has reviewed the facts presented herein in light of the factors required by law. Plaintiff alleges that shortly after his arrival at the Wende Correctional Facility, he was assaulted by corrections officers in retaliation for requesting recreation and his property, denied adequate medical care following the assault, falsely charged in

a misbehavior report in an attempt to cover-up the assault and denied due process during the course of the disciplinary hearing with respect to the misbehavior report. Dkt. #6.  In support of his motion for appointment of counsel, plaintiff asserts that he has limited knowledge of the law and has been unable to obtain legal counsel to represent him in this matter.  Dkt. #10.  Plaintiff also states that he is unable to receive legal assistance from the law library because he has been placed in SHU.  Dkt. #19. However, plaintiff has not established at this point in the litigation that he is unable to represent himself in this matter and that the appointment of counsel is warranted under the factors set forth above.  To the contrary, plaintiff has demonstrated an ability to clearly articulate the relevant facts and legal theories to the Court.  As a result, plaintiff's motions (Dkt. ##10 & 19), for appointment of counsel are denied without prejudice at this time.  It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*.  28 U.S.C. § 1654.

**SO ORDERED.**

DATED:	Buffalo, New York
	April 2  , 2008

	  \s\ H. Kenneth Schroeder, Jr.  
	**H. KENNETH SCHROEDER, JR.**
	**United States Magistrate Judge**