UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FRANCISCO FERNANDEZ,

        **Plaintiff,**

        -v-                                06-CV-0506(Sr)

**CORRECTIONS OFFICER J. CALLENS,**
et al.,

        **Defendants,**
_____

## ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment. Dkt. #21.

By Decision and Order entered October 29, 2010, this Court granted in part, and denied in part, defendants' motion for summary judgment. Dkt. #51. On the same date, the Court issued a Text Order setting a telephone status conference for November 12, 2010. Dkt. #52. The Court ordered a telephone conference because plaintiff is currently residing in the Dominican Republic. Plaintiff did not provide the Court with a telephone number at which he could be reached and did not appear or otherwise contact the Court with respect to the status conference. As a result, the Court issued an Order to Show Cause why this matter should not be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and warned plaintiff that his failure to comply with this Order would result in the dismissal of this action with prejudice. Dkt. #53.

Plaintiff responded to the Order to Show Cause by letter dated January 12, 2011 indicating his willingness to pursue this action but expressing concern as to "how that would happen" given his residence in the Dominican Republic. Dkt. #54. Plaintiff requested appointment of counsel to advise him how to proceed. Dkt. #54.

The Court advised plaintiff that he would need to return to the Western District of New York for trial and that, although the Court was willing to be flexible with respect to the scheduling of the trial, it could not be postponed indefinitely. Dkt. #55. Plaintiff was directed to provide the Court with proposed dates for his return within 60 days of the entry of this Order or, if he had been deported, to apply for permission to reapply for admission to the United States by filing Form I-212 with the Attorney General in accordance with 8 C.F.R. § 212.2, and provide the Court with a copy of that application within 60 days. Dkt. #55. Plaintiff was warned that his failure to make provisions for his return to this district for trial would result in the dismissal of his complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Dkt. #55. This Order, which was mailed to the address provided by plaintiff on February 9, 2011, was twice returned as undeliverable.

Rule 41(b) of the Federal Rules of Civil Procedure provides that

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

As dismissal for failure to prosecute is a harsh remedy, courts must consider whether: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was

carefully balanced against plaintiff's right to a fair day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions. *U.S. ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

In the instant case, this matter has been ready for trial since the Court's Decision and Order partially denying defendants' motion for summary judgment. Dkt. #51. However, a trial date cannot be set until it is determined whether plaintiff can legally reenter the United States and if plaintiff has the resources to return to the United States District Court for the Western District of New York. The Court attempted to provide plaintiff notice of its intent to dismiss the case unless plaintiff advised of his availability for trial, but its correspondence was twice returned as undeliverable. As set forth in Rule 5.2(d) of the Local Rules of Civil Procedure:

> A party appearing pro se must furnish the Court with a current address at which papers may be served on the litigant. Papers sent to this address will be assumed to have been received by plaintiff.
>
> In addition, the Court must have a current address at all times. Thus, a *pro se* litigant must inform the Court immediately in writing of any change of address. Failure to do so may result in dismissal of the case with prejudice.

Plaintiff was reminded of his obligation to inform the Court of his current address in the Case Management Order. Dkt. #23.

As the surviving claim in this action involves allegations of excessive force by corrections officers Callens and Czarnecki against plaintiff on August 9, 2004, the time is well past for the Court to be concerned that defendants will be prejudiced by failing memories of witnesses. Moreover, given the ongoing difficulties of corresponding with

plaintiff in the Dominican Republic and concerns about plaintiff's ability to return to the United States from the Dominican Republic for trial, it does not appear that any sanction other than dismissal is feasible. The Court cannot be expected to maintain this matter on its calendar of cases ready for trial for an indefinite period of time or to make continuous attempts to discern plaintiff's ability to appear for trial.

Therefore, it is hereby **ORDERED** that this action be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). The Clerk of the Court is directed to take the necessary steps to close this case.

**SO ORDERED.**

DATED:   Buffalo, New York
         May 13, 2011

                                          s/ H. Kenneth Schroeder, Jr.
                                          **H. KENNETH SCHROEDER, JR.**
                                          **United States Magistrate Judge**